## CIRCUIT COURT OF THE CITY OF RICHMOND

Rhonda Emineth

  v.

Pereuna Johnson and
Andrew Winston, Sheriff

February 19, 1988

Case No. LL-1410-3

By JUDGE T. J. MARKOW

In the motion for judgment, defendant Johnson is a probation officer, assigned to oversee the plaintiff's case. Plaintiff alleges that she was incarcerated in the Henrico County jail and on or about January 29, 1986, was transferred to the Richmond City Jail. She claims that from her transfer until April 7, 1986, she repeatedly attempted to contact Johnson to determine what charge was brought against her and when she would be brought before a magistrate or judge. She does not allege that Johnson caused her incarceration.

Plaintiff says that defendants unlawfully, forcibly, recklessly, and wantonly imprisoned her without authority, just cause, or excuse and that he knew or should have known that the confinement should have ended on January 29, 1986. It is claimed that defendant's conduct constituted the torts of false imprisonment, deprivation of civil rights (42 U.S.C. § 1983), and intentional infliction of emotional distress.

Defendant demurs, claiming quasi-judicial sovereign immunity and that the facts pled do not state a cause of action.

The court is of opinion that no facts pled state

a cause of action and that it is unnecessary to reach the immunity issue.

Nothing in the motion for judgment claims that the defendant caused the plaintiff's incarceration. She simply claims that the probation officer did not advise her of the charges against her or secure a hearing before a judge or a magistrate. The court is unaware of any duty imposed upon a probation officer to advise a person of the basis of incarceration where the officer is not responsible for the incarceration, or even if there was such a duty, it could not be a proximate cause of the injury; i.e., the deprivation of liberty. There is no duty to bring a person before a judge or magistrate where the defendant is not holding the plaintiff in custody or responsible for initiating the confinement.

The demurrer will be sustained with leave to amend. No decision is rendered on the immunity issues, nor on the sufficiency of the facts supporting a cause of action under 42 U.S.C. § 1983.